IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANE ALBERT,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-1110
JUDGE GEORGE C. SMITH
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Dismiss* (ECF No. 5), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant-appellant, Shane Albert, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm appellant's convictions but remand the matter for resentencing.
>
> I.     Factual and Procedural Background
>
> On October 14, 2005, Jatora Pruitt and her then boyfriend, Jay Bradley, were at a house located at 274 S. Dakota Avenue in Columbus, Ohio. Bradley, Pruitt, and another man, Ullman Taylor, all sold drugs out of the house. Charles Calloway was also present.

He was the house's doorman and would keep people away that they did not know. Calloway left the house to run an errand. When he came back, Bradley opened the door to let him back inside. Calloway ran inside the house and yelled that someone was shooting at him. Bradley shot back but was shot twice. Pruitt saw three people running away from the house but could not identify them.

Two days later, Pruitt, Taylor, and appellant were at the house discussing the shooting.FN1 Inside the house, they began to question Calloway about the shooting and who might have been involved. Appellant and Taylor were standing over Calloway, who was sitting on a couch. Calloway would not answer their questions so they began beating him. Calloway still refused to answer their questions. Appellant said that he knew how to get him to talk, so he left the room and quickly returned with a gasoline can. (Tr. 113.) He poured gasoline on Calloway and then Taylor lit a piece of paper on fire to intimidate Calloway to answer their questions. The lit piece of paper then fellFN2 into Calloway's lap and he became engulfed in flames. Calloway sustained burns over 95 percent of his body and died from the massive burns and soot inhalation into his lungs.

For several years, Calloway's death remained unsolved until an officer with the Columbus Police Department's cold case unit began a new investigation. As a result of that investigation, on October 24, 2012, a Franklin County Grand Jury indicted appellant for counts of aggravated arson, in violation of R.C. 2909.02, aggravated murder, in violation of R.C. 2903.01, murder, in violation of R.C. 2903.02, and kidnapping, in violation of R.C. 2905.01. Each count also contained a firearm specification pursuant to R.C. 2941.141. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.

At trial, the state's witnesses testified to the above version of events. Additionally, Janae Davis, who knows appellant because he fathered a child with her mother, testified that appellant confided to her that he was scared he might go to jail because he had poured gasoline over someone but he denied he started the fire. (Tr. 199.)

The jury found appellant guilty of the aggravated arson, murder, and kidnapping charges (as well as the attendant firearm specifications) but not guilty of aggravated murder. The trial court sentenced appellant accordingly.FN3

> II. Appellant's Appeal
>
> Appellant appeals and assigns the following errors:
>
> [1.] The Appellant was denied effective assistance of counsel at all stages of the proceedings including pre-trial, trial and at sentencing.
>
> [2.] The Trial Court committed plain error, when the Court failed to resolve allied offense and notify the Appellant of the required post release control notification.
>
> [3.] The Trial Court erred by admitting unnecessary and prejudicial photographs of the victim.
>
> [4.] The verdict is against the sufficiency and manifest weight of the evidence.
>
> FN1: Appellant and Taylor grew up together and previously had sold drugs together.
>
> FN2: Taylor, who pled guilty to a count of involuntary manslaughter arising from these events, testified that he accidently dropped the piece of paper when it started burning his hand. Pruitt testified that he tossed it into Calloway's lap.
>
> FN3: Although appellant did not raise this as error, the state points out that the trial court improperly sentenced appellant for the multiple firearm specifications. We agree. Appellant was found guilty of three one-year firearm specifications and, upon the merger of those specifications, should only have been sentenced to one year in prison. The trial court sentenced him to three years. Accordingly, this matter must be remanded with instructions for the trial court to resentence him on these specifications.

*State v. Albert,* No. 14AP-30, 2015 WL 329463, at *1-2 (Ohio App. 10th Dist. Jan. 27, 2015). On January 27, 2015, the appellate court affirmed in part and reversed in part, remanding the case to the trial court for re-sentencing on Petitioner's firearm specifications. *Id.* Petitioner did not file a timely appeal. On August 10, 2016, he filed a motion for a delayed appeal. (ECF No. 5-1, PageID# 147). On October 5, 2016, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Albert*, 146 Ohio St.3d 1513 (2016). Meanwhile, on May 7, 2015, the

trial court held a re-sentencing hearing, imposing a term of ten years on Count One, fifteen years to life on Count Four, and ten years on Count Five, the sentences on Counts One and Five to be served concurrently with each other but consecutively to Count Four, plus an additional consecutive term of one year on the firearm specification. *Re-Sentencing Judgment Entry* (ECF No. 5-1, PageID# 141). The re-sentencing Entry is dated May 11, 2015. (PageID# 144).

On November 17, 2016, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he was denied the right to the effective assistance of counsel at all stages of state court proceedings and the penalty phase (claim one); that the trial court committed plain error when it failed to resolve allied offenses and to advise Petitioner regarding the terms of post release control (claim two); that the trial court erred in admitting prejudicial photographs of the victim (claim three); and that the evidence is constitutionally insufficient to sustain his convictions and his convictions are against the manifest weight of the evidence (claim four). Respondent contends that this action should be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's judgment of conviction became final on March 13, 2015, or forty-five days after the appellate court's January 27, 2015, affirming Petitioner's convictions, and when the time for filing a timely appeal to the Ohio Supreme Court expired. *See Norris v. Bunting*, No. 2:15-cv-764, 2017 WL 749200, at *8 (S.D. Ohio Feb. 27, 2017)(citing *Crangle v. Kelly*, 838 F.3d 673, 679 (6th Cir. 2016)(when a re-sentencing benefits a defendant, the limitations period is not restarted by the new judgment entry); *Adams v. Chillicothe Correctional Institution*, No. 2:16-cv-00563, 2016 WL 3906235, at *2 (S.D. Ohio July 19, 2016)(citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013)(citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002)). The statute of limitations began to run the following day and expired one year later, on March 14, 2016. Petitioner waited more than eight months thereafter, until November 17, 2016, to file this action.[1] Petitioner's August 10, 2016, motion for a delayed appeal did not toll or otherwise affect the running of the statute of limitations, because the statute of limitations had already

---

[1] Petitioner does not indicate the date on which he executed the *Petition*. *See Petition* (Doc. 1, PageID# 15).

expired prior to the filing of that motion. State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d) (2). *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not. . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Further, the record fails to reflect a basis for equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010)(a petitioner is entitled to equitable tolling if he has diligently pursued his rights and some extraordinary circumstances prevented his timely filing)(citations omitted). Consequently, this action is untimely.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 5) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                      *s/ Norah McCann King*
                                                      Norah McCann King
                                                      United States Magistrate Judge

May 18, 2017