**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SHANE ALBERT,**

    **Petitioner,**

  v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 2:16-cv-1110
JUDGE GEORGE C. SMITH
Magistrate Judge King**

## OPINION AND ORDER

On May 18, 2017, the Magistrate Judge recommended that Respondent's *Motion to Dismiss* (Doc. 5) be granted, and that this action be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). *Report and Recommendation* (Doc. 7). Petitioner objects to that recommendation. *Objection* (Doc. 8). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 8) is **OVERRULED**. The *Report and Recommendation* (Doc. 7) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (Doc. 5) is **GRANTED**. This action is hereby **DISMISSED.** Moreover, Petitioner's request for a certificate of appealability is **DENIED** and the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the judgment entered in this action would be objectively frivolous and not made in good faith.

Petitioner challenges his December 2013 convictions, following a jury trial in the Franklin County Court of Common Pleas, on four counts of aggravated arson, murder, and kidnapping, with firearm specifications. On January 27, 2015, the appellate court remanded the case to the trial court for re-sentencing on Petitioner's firearm specifications, but otherwise

affirmed the judgment of the trial court.  On October 5, 2016, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.  In the meantime, on May 1, 2015, the trial court issued a re-sentencing entry pursuant to the order of remand.  On November 17, 2016, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that he had been denied the effective assistance of counsel (claim one); that the trial court committed plain error by failing to resolve allied offenses or to advise Petitioner regarding the terms of post release control (claim two); that the trial court erred in admitting prejudicial photographs of the victim (claim three); and that the evidence is constitutionally insufficient to sustain his convictions and that his convictions are against the manifest weight of the evidence (claim four).  As noted *supra*, the Magistrate Judge recommended the dismissal of this action as time-barred.

In his *Objection*, Petitioner asks that his pleadings be liberally construed and he argues that the statute of limitations has yet to expire, because his state court judgment is void in light of his allegedly improper sentence on allied offenses of similar import and because he was denied the effective assistance of counsel.  Petitioner also claims that he is actually innocent of the charges against him and that he is the victim of a fundamental miscarriage of justice so as to warrant a merits review of his claims. In this regard, Petitioner represents that the coroner found that the death of Charles Calloway, the alleged murder victim, was accidental and yet the State pursued the charges against Petitioner by relying on the testimony of one Janae Davis.  Petitioner also seeks a certificate of appealability.  *Objection* (Doc. 8, PageID# 186).

"[T]he objections of a petitioner appearing *pro se* will be construed liberally and held to less stringent standards than documents drafted by lawyers."  *Ybarra v. Oswalt*, No. 2:16-cv-00366, 2016 WL 3355457, at *1 (S.D. Ohio June 17, 2016)(citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, and despite Petitioner's argument to the contrary, the

record does not confirm his assertion that a final appealable order was never entered, nor does it appear that the state court judgment entered against him is "void" such that the statute of limitations has yet to commence.

As discussed by the Magistrate Judge, the statute of limitations began to run on March 14, 2015, *i.e.,* after the expiration of the time for the filing of a timely appeal with the Ohio Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A). The statute of limitations expired one year later, on March 14, 2016. Yet Petitioner waited more than eight months, until November 17, 2016, to file his *Petition* in this Court.[1] Petitioner's underlying allegations regarding his sentence and his claim that he was denied the effective assistance of trial counsel do not affect this determination.

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016)(citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). *See also Schlup v. Delo*, 513 U.S. 298 (1995). However, a petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional

---

[1] Petitioner did not indicate the date on which the *Petition* was either signed or submitted to prison officials for mailing.

> error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808. . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589-90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins*, — U.S. —, —, 133 S. Ct. 1924, 1932-33 (2013). Still, unexplained delay will undermine the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332, 327).

Petitioner has provided no new, reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations on this basis.

Under all these circumstances, the Court concludes that Petitioner's *Objection* (Doc. 8) to the *Report and Recommendation* is without merit. The *Report and Recommendation* (Doc. 7) is **ADOPTED AND AFFIRMED**. Respondent's *Motion to Dismiss* (Doc. 5) is **GRANTED.** This action is **DISMISSED** as untimely.

Petitioner requests a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) Where, as here, a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

Upon review of the record, this Court is not persuaded that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

Moreover, and acting pursuant to 28 U.S.C. § 1915(a) (3) and Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court **DECLINES** to grant leave to proceed on appeal *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**